Gene J. Goldsman, Esq. – SBN 76554
**LAW OFFICES OF GENE J. GOLDSMAN**
501 Civic Center Drive West
Santa Ana, CA 92701-4001
(714) 541-3333 / FAX (714) 541-0456
ESERVICE@GJGLAW.COM

Attorney for Plaintiff,
LARRY WALL,

# UNITED STATES DISTRICT COURT-
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WALL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED AIRLINES, INC.., and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No. 8:23-CV-00846<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL** |

**COMES NOW** the Plaintiff, LARRY WALL, and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to <u>28 U.S.C.</u> § 1331 in that the action arises under the provisions of the Convention for the Unification of Certain Rules Relating to International Carriage by Air (hereinafter "Montreal Convention"), an international treaty entered into by the United States and the Netherlands. The action

- 1 -
**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

is also brought pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiff pleads under information and belief that Defendant, UNITED AIRLINES, INC.., (hereinafter referred to as "United") at all times herein mentioned minimum contacts with the State of California based on their corporate website and whose services are readily accessible throughout California and nationwide. United has locations nationwide and does business in the state of California. United, through their intended minimum contacts to Plaintiff and California residents alike, receives the benefit of business in California when Plaintiff or other California residents purchase a roundtrip ticket through United.

3. More specifically, "jurisdiction is proper ... where the [minimum] contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State ... Thus where the defendant 'deliberately' has engaged in significant activities within a State ... or has created 'continuing obligations' between himself and residents of the forum ... he manifestly has [purposely] availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). The law further states "Whether due process is satisfied must depend rather

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process to insure." *International Shoe Co. v. Washington*, supra, 326 U.S. 319.

4. Based on the above law, United purposefully availed themselves of and have minimum contacts in the forum of California, *See Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *See Also, International Shoe Co. v. Washington*, supra, 326 U.S. 319. 11. Venue is proper in the Central District California based on United's targeted marketing of California residents and purposeful availment of the laws of California. Further, Plaintiff pleads under information and belief that venue is proper in the State of California Central District Court, because the convenience to the Plaintiff, a Orange County resident who purchased the ticket in his domicile, and availability of the evidence of medical treatment due to the injuries is in California.

5. Also, pursuant to Article 33(1) of the Montreal Convention, "An action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination." United, through minimum contacts, offered their services to foreseeable customers such as Plaintiff. The capable parties entered into contract through Plaintiff's purchase of a round trip

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

ticket with United from San Diego, CA to the Amsterdam, Netherlands with a lay in Chicago with United's consideration is to safely transport the Plaintiff abroad, pursuant to Article 17(1) of the Montreal Convention, which states "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Plaintiff suffered serious and severe injury disembarking the airplane upon arrival by slipping on one of the steps-towards the top-of the air stairway / boarding stairs, which connected to the airplane post runway taxi.

    6. Venue is proper in this Court pursuant to Articles 17 & 33 of the Montreal Convention and Federal Law. At all times the contract was entered into at Plaintiff's home address online in the City of Huntington Beach, in the Central District of California where the Defendant United Airlines is registered to do business and United Airlines is a duly admitted business entity doing business in the state of California.

## THE PARTIES

    3. At all times herein mentioned Plaintiff, LARRY WALL, was and is a resident of the United States, with a place of residence in Huntington Beach, California.

    4. Plaintiff is informed and believes that United is a stock corporation doing

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

business in the United States with its headquarters in Chicago, Illinois. United is and was registered with the California Secretary of State and is doing business in this District. The contract was entered into in the Central District of California according to the Montreal Act Article 33

5. Defendants, DOES 1 through 100, are individuals or entities currently known to Plaintiff, who are therefore sued by these fictitious names. Plaintiff is informed and believes and thereon alleges that each of these DOE Defendants was in some manner legally responsible for the events and happenings alleged in this Complaint and legally caused the injuries and damages alleged herein. Plaintiff will amend this Complaint when the true names and capacities of any DOE becomes known to Plaintiff.

6. At all relevant times herein, Defendants, their aggregates, corporations, subsidiaries, associates, and partners or otherwise, and each of them, were agents, employees, joint venturers and/or engaged in a joint enterprise with each other, and were acting within the purpose, course and scope, and in furtherance of such partnership, agency, employment, joint venture, and/or joint enterprise.

7. At all relevant times herein Defendants, and each of them, were fully informed of the actions of their agents and employees, and thereafter no officer, director or managing agent of Defendants repudiated those actions, which failure

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

to repudiate constituted adoption and approval of said actions and that all defendants, and each of them, by said conduct, or otherwise ratified those actions.

## COUNT 1

## Action Against Defendant, UNITED, INC.

## and DOES 1 through 100, inclusive

## (Montreal Convention)

8. Plaintiff incorporates by reference each of the previous allegations as well as all allegations subsequent to this Court.

9. At all times herein mentioned, Defendant, United, was a common carrier for hire engaged in the transportation of passengers in both domestic and international air travel. Defendant United owned, operated, managed, controlled, serviced, maintained, flew, and supervised, through his agents and employees acting in the course and scope of their employment, certain aircraft used as Flight 909 ORD-AMS on November 20, 2022 from San Diego Airport to Amsterdam, and employed, instructed, entrusted, contract, and controlled the crew on said aircraft and contracted affiliates.

10. On or about November 20, 2022, Plaintiff, LARRY WALL, was a fare-paying passenger on board United Flight 909, a domestic flight from San Diego with a change over/Chicago to Amsterdam.

11. As a direct and proximate result of the conduct of Defendant, United, and those employees and agents acting on its behalf, Plaintiff sustained injuries while a passenger on said flight as the result of an "accident" within the meaning of the Montreal Convention.

12. On or about November 21, 2021, at or near Amsterdam Netherlands airport Plaintiff Larry Wall suffered shock and injury to her body when he slipped and fell on a ice covered stair from the plane to the tarmac causing Plaintiff to sustain permanent bodily injuries, pain, suffering, worry, and anxiety.

13. Prior to and at the time of the accident as previously described, United, through its agents and employees, negligently and carelessly owned, operated, managed, controlled, services, maintained, flew and supervised said aircraft, and hired, trained and supervised the flight and cabin crew, thereby proximately causing said accident.

14. As a proximate result thereof, this Plaintiff sustained permanent bodily injuries, and has had and in the future will have pain, suffering worry, and anxiety, all to Plaintiff's general damages in an amount within the jurisdiction of the Court.

15. As a proximate result thereof, this Plaintiff incurred and in the future will incur medical and related expenses all to Plaintiff's damages in such amount as will be proven at trial.

16. The Montreal Convention, formally entitled the Convention for the Unification of Certain Rules for International Carriage by Air, sets forth the liability and compensation owed by airlines for the injury and death of a passenger. Under Article 21(2), Plaintiffs are entitled to provable damages in excess of 113,100 Special Drawing Rights ("SDR") due to the negligence, carelessness, gross negligence, and / or recklessness of Defendants, its agents and / or its servants, as herein set forth.

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

# COUNT II

## Action Against Defendant, UNITED AIRLINES, INC..,

## And DOES 1 through 100, inclusive

## (NEGLIGENCE / STRICT LIABILITY)

17. Plaintiff incorporated by reference each of the previous allegations as well as all allegations subsequent to this Court.

18. At all times herein mentioned, Defendant, UNITED AIRLINES, INC.., was a common carrier for hire engaged in the air transportation of passengers. Defendant UNITED AIRLINES, INC.., owned, operated, managed, controlled, serviced, maintained, flew, and supervised, through his agents and employees acting in the course and scope of their employment, certain aircraft used as Flight 909 from San Diego to O'Hare Airport in Chicago to Amsterdam, and employed, instructed, entrusted, and controlled the crew on said aircraft.

19. Prior to and at the time of the accident as previously described, Defendant, UNITED AIRLINES, INC. through its agents and employees, negligently and carelessly owned, operated, managed, controlled, serviced, maintained and flew and operated said aircraft, and hired, trained and supervised the flight and cabin crew, thereby proximately causing a food/beverage service cart to be pushed into the leg of Plaintiff during flight, and causing Plaintiff to sustain permanent bodily injuries, pain, suffering, worry, and anxiety.

20. Under Articles 17 and 21(a) of the Montreal Convention, Defendant UNITED AIRLINES, INC. is strictly liable to Plaintiff for provable damages of up to 113,100 SDRs (which Equates to approximately US $175,000.00).

21. As a proximate result thereof, this Plaintiff sustained permanent bodily injuries, and has had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiff's general damages in an amount within the jurisdiction of the Court.

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**

22. In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and or recklessness herein described, and the injuries and damages attendant thereto, Plaintiff seeks damages in excess of 113,100 SDR's, according to proof at the time of trial.

23. As a proximate result thereof, this Plaintiff incurred and in the future will incur medical and related expenses all to Plaintiff's damage in such amount as will be proven at trial.

WHEREFORE, Plaintiff, Larry Wall, prays judgment as against Defendants, UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, as follows:

1. For all general damages in an amount to be proven, and no less than $75,000.00, together with prejudgment interest;

2. For medical and related expenses according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: May 12, 2023,          LAW OFFICE OF GENE J. GOLDSMAN

                                                      By:  */S/ Gene J. Goldsman*
                                                      Gene J. Goldsman, Esq.
                                                      Attorneys for Plaintiff,
                                                      LARRY WALL

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ; DEMAND FOR JURY TRIAL**